**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

LAWRENCE J. SWIFT                                                                                    PLAINTIFF
ADC # 111527

v.                                                    3:24CV00068-JM-JTK

HEATH DUNAGAN, et al.                                                                      DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge
James M. Moody, Jr.   Any party may file written objections to all or part of this Recommendation.
If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your
objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this
Recommendation.   By not objecting, you may waive the right to appeal questions of fact.

**DISPOSITION**

I.      **Introduction**

Lawrence J. Swift ("Plaintiff") is in custody at the Grimes Unit of the Arkansas Division
of Correction ("ADC").   He filed a pro se civil action under 42 U.S.C. § 1983,[1] as well as a Motion
to Proceed In Forma Pauperis, which was granted.   (Doc. Nos. 1-3).   The Court must screen
Plaintiff's claims pursuant to the Prison Litigation Reform Act ("PLRA") and the in forma
pauperis statute.

---

[1] Plaintiff indicated in his Complaint that he filed an earlier lawsuit dealing with the same
issues at hand.   Upon revieing the pleadings in the earlier lawsuit, Swift v. Doe, 3:23-cv-00253-
DPM-BBM, it is clear that the allegations in that case are not related to the allegations in this case.

As explained below, Plaintiff's Complaint fails to state a claim on which relief may be granted.    Accordingly, the Court recommends Plaintiff's Complaint be dismissed without prejudice.

## II.    Screening

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a).    The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.    28 U.S.C. § 1915A(b).    See also 28 U.S.C. § 1915(e) (screening requirement).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).    Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim.    See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."    Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.    Haines v. Kerner, 404 U.S. 519, 520 (1972).    The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.    Denton v. Hernandez, 504 U.S. 25, 32 (1992).

## III.    Discussion

Plaintiff filed this § 1983 lawsuit against Grimes Unit Lieutenant Heath Dunagan, Captain Clint Baker, Major John C. Haynes, and Warden Thomas Hurst (collectively, "Defendants") in their personal capacities only.    (Doc. No. 2 at 1-2).    Plaintiff alleges that on January 5, 2024, Defendant Dunagan called him to the Captain's office and asked him if he was expecting legal mail.    (Id. at 5-6).    Plaintiff affirmed that he was.    (Id. at 6).    After Plaintiff signed for the mail, which was a letter from the Clerk of the Court in connection with a civil rights action Plaintiff filed before the case at hand, Defendant Dunagan confiscated the mail, telling Plaintiff that the letter would be drug tested and returned to him.    (Id.)    The letter was not returned to Plaintiff.    (Id.) Instead, Defendant Dunagan served Plaintiff with a major disciplinary.    (Id. at 6-7).    According to Plaintiff, Defendant Dunagan lied on the disciplinary and alleged the letter tested positive for "synthetic cannabinoids."    (Doc. No. 2 at 7).    Defendant Dunagan also allegedly lied on the disciplinary that Plaintiff refused a direct order to submit to cuffs.    (Id.)    Plaintiff was found guilty of the disciplinary violation and as a result he says he lost phone and visitation privileges with his family for a year; documents attached to Plaintiff's Complaint reflect that Plaintiff lost commissary, phone, and visitation privileges for 60 days, Plaintiff's class was reduced and he was sentenced to five days in punitive isolation, and Plaintiff was limited to one year of "non-contact visitation due to being found guilty of . . . possession/introduction of drugs.    (Id. at 8, 22, 24).

### A.    Personal Capacity Claims

Plaintiff sued Defendants in their personal capacities only.    (Doc. No. 2 at 1-2). "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights."    Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-

official defendant, through the official's own individual actions, has violated the Constitution." Parrish v. Ball, 594 F.3d 993, 1001 (8th Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009)).   Bare allegations void of factual enhancement are insufficient to state a claim for relief under § 1983.   See Iqbal, 556 U.S. at 678.

### B.   Defendant Dunagan

Plaintiff claims Defendant Dunagan issued a false disciplinary against him.   (Doc. No. 2 at 5-6).   But a false disciplinary, without more, does not rise to the level of a constitutional violation.   Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989).

Plaintiff's false disciplinary claim arises out of mail from the Clerk of the Court sent in connection with Plaintiff's earlier lawsuit. But Defendant Dunagan was not a party to that lawsuit and nothing in the pleading indicates retaliatory animus on Defendant Dunagan's part. Establishing retaliatory animus is crucial to a   retaliation claim.   See Atkinson v. Bohn, 91 F.3d 1127, 1129 (8th Cir. 1996).   See also Bitzan v. Bartruff, 916 F.3d 716, 717 (8th Cir. 2019) (affirming summary judgment where plaintiff did not allege facts connecting defendants to the challenged actions); Antonelli v. Tipton, Case No. 08-3123, 2009 WL 4825169 at *904 (8th Cir. Dec. 16 2009) (per curiam) (plaintiff "failed to state a retaliation claim because he . . . failed to allege which defendants were involved in or affected by his grievances.").   Because Plaintiff has not alleged or demonstrated retaliation, his false disciplinary claim fails.

Plaintiff's allegations also could not succeed if viewed as an interference with legal mail claim.   Legal mail is narrowly defined as "mail to or from an inmate's attorney and identified as such."   Gardner v. Howard, 109 F.3d 427, 430 (8th Cir. 1997).   The mail at issue here was from the Clerk of the Court, so it was not legal mail.   And if viewed as an access to the courts claim, that claim also fails.   To state a First Amendment claim, a plaintiff must allege actual injury – in

4

an access to the courts claim the injury would be "the hindrance of a nonfrivolous and arguable meritorious underlying legal claim." Hartsfield v. Nichols, 511 F.3d 826, 831 (8th Cir. 2008). Plaintiff has not alleged any harm to an underlying legal claim arising from the confiscation of his letter.

As mentioned above, because of the disciplinary Plaintiff lost 60 days of commissary, phone, and visitation privileges, as well as serving five days in punitive isolation. He was also placed on one year of non-contact visitation and his class level was reduced. None of these penalties rose to the level of a violation of Plaintiff's protected liberty interests. Phillips v. Norris, 320 F.3d 844, 847 (8th Cir. 2003) (contact visitation); Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976) (class level); Orr v. Larkins, 610 F.3d 1032, 1033-34 (8th Cir. 2010) (nine months in administrative segregation not atypical and significant hardship); Kennedy v. Blankenship, 100 F.3d 640, 642-43 & n.2 (8th Cir. 1996) (placement in punitive isolation with loss of commissary, visitation, and telephone privileges not atypical and significant hardship). As such, any due process claim would also fail.

Plaintiff complains that as a result of the disciplinary he must spend an additional year in prison. (Doc. No. 2 at 8). Plaintiff cannot challenge his sentence in this civil rights action; his only federal recourse is seeking a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 474, 484, 499 (1973).

### C.    Defendants Baker, Haynes, and Hurst

Plaintiff alleges Defendant Hurst "proved his involvement by being the person that entrusted the authority to Defendants Haynes, Baker, and Dunagan to bring false allegations upon . . . myself . . . ." (Doc. No. 2 at 18). As explained above, Plaintiff's false disciplinary claim fails. As such, any failure to train or supervise claim arising out of the false disciplinary also fails.

And <u>respondeant superior</u> is not applicable in § 1983 actions.   Plaintiff has not plead any factual allegations against these Defendants that states a viable cause of action.

## IV.    Conclusion

Even liberally construing Plaintiff's Complaint, as this Court must, Plaintiff's allegations fail to state a claim on which relief may be granted.   Because Plaintiff failed to state a claim on which relief may be granted, his Complaint should be dismissed without prejudice.

IT IS, THEREFORE, RECOMMENDED that:

1.    This action be DISMISSED without prejudice for failure to state a claim on which relief may be granted;

2.    The Court recommend[2] that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g);[3] and

3.    The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an <u>in forma pauperis</u> appeal from any Order adopting these recommendations and accompanying Judgment would not be taken in good faith.

DATED this 24th day of April, 2024.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[2] The number of strikes a plaintiff has accrued may be determined only by looking backwards to past dismissals; 28 U.S.C. § 1915(g) leaves the effective decision to the later tribunal. <u>Gonzalez v. United States</u>, 23 F. 4th 788, 789-91 (8th Cir. 2022).

[3] Title 28 U.S.C. § 1915(g) provides as follows:   "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."