IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

LAWRENCE J. SWIFT                                                                  PLAINTIFF
ADC # 111527

v.                                    3:24CV00068-JM-JTK

HEATH DUNAGAN, et al.                                                           DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr. Any party may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

**DISPOSITION**

I.   **Introduction**

Lawrence J. Swift ("Plaintiff") is in custody at the Grimes Unit of the Arkansas Division of Correction ("ADC"). He filed a pro se civil action under 42 U.S.C. § 1983, as well as a Motion to Proceed In Forma Pauperis, which was granted. (Doc. Nos. 1-3). The Court screened Plaintiff's claims pursuant to the Prison Litigation Reform Act ("PLRA") and the in forma pauperis statute and found that Plaintiff's allegations failed to state a claim on which relief may be granted. (Doc. No. 4). Accordingly, on April 24, 2024, the Court recommended Plaintiff's claims be dismissed without prejudice. (Id.).

On May 13, 2024, Plaintiff filed an Amended Complaint rather than filing objections to the Recommendation. (Doc. No. 5). As a result, on May 14, 2024, United States District Judge James M. Moody, Jr. declined to adopt the Recommendation and referred the case back to the undersigned for consideration of Plaintiff's Amended Complaint. (Doc. No. 6).

As explained below, Plaintiff's Amended Complaint fails to state a claim on which relief may be granted. Accordingly, the Court recommends Plaintiff's Amended Complaint be dismissed without prejudice.

## II.   Screening

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). See also 28 U.S.C. § 1915(e) (screening requirement).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court

must also weigh all factual allegations in favor of the plaintiff unless the facts alleged are clearly baseless.  Denton v. Hernandez, 504 U.S. 25, 32 (1992).

## III. Discussion

"An amended complaint 'ordinarily supersedes the original and renders it of no legal effect.'" In Home Health, Inc. v. Prudential Ins. Co. of America, 101 F.3d 600, 603 (8th Cir. 1996), quoting International Controls Corp. v. Vesco, 556 F.2d 665, 668 (2d Cir. 1994) (other citations omitted).  As such, the Court will consider only the allegations set out in Plaintiff's Amended Complaint.  Further, the Court has already concluded that Plaintiff's original pleading fails to state a claim on which relief may be granted.

In his Amended Complaint Plaintiff sued Grimes Unit Lieutenant Heath Dunagan, Captain Clint Baker, Major John C. Haynes, Warden Thomas Hurst, and ADC Director Dexter Payne (collectively, "Defendants") in their personal and official capacities.  (Doc. No. 5 at 1-3). Plaintiff alleges that on January 5, 2024, Plaintiff noticed Defendant Dunagan and Defendant Baker "looking conspiratoriously at [him] and whispering to each other"; Defendant Dunagan then called Plaintiff to Defendant Baker's office and asked Plaintiff if he was expecting legal mail.  (Id. at 6).  Plaintiff affirmed that he was.  (Id. at 6-7).

After Plaintiff signed for the mail, which was a letter from the Clerk of the Court in connection with a civil rights action Plaintiff filed before the case at hand, Defendant Dunagan confiscated the mail, telling Plaintiff that the letter would be drug tested and returned to him.  (Id.) The letter was not returned to Plaintiff.  (Id.)  Instead, Defendant Dunagan served Plaintiff with a major disciplinary because the letter tested positive for synthetic cannabinoids.  (Id. at 8). Plaintiff points out that there was no mention of an investigation as to whether Plaintiff was involved in introducing drugs into the prison and no outside drug testing of the letter.  (Doc. No.

5 at 9-10). Defendant Haynes signed off on the disciplinary. (Id. at 10). Plaintiff claims he has "a liberty interest in the state created Arkansas Division of Correction policies which require ADC officials to investigate . . . . (Id. at 11). Plaintiff was found guilty of the disciplinary violation and as a result he says he lost visitation and commissary privileges for 60 days and visitation privileges with his family for a year. (Id. at 12).

On February 1, 2024, Plaintiff filed a grievance against Defendants Dunagan and Baker for confiscating Plaintiff's legal mail in retaliation for a lawsuit Plaintiff had filed against Defendant Baker and other ADC officials. (Id. at 12-13). Defendant Hurst responded to the grievance on February 15, 2024 and found Plaintiff's grievance to lack merit. (Id. at 13). Plaintiff again points out that no investigation had been conducted. (Doc. No. 5 at 14-15). Defendant Payne affirmed the decision on appeal. (Id. at 14).

Plaintiff claims all Defendants had prior knowledge that he filed an earlier lawsuit, along with other knowledge. (Id. at 15-18). Plaintiff identifies his legal claims as follows: retaliation; procedural due process in connection with the lack of outside drug testing of Plaintiff's mail; and procedural due process in connection with failing to investigate that Plaintiff was involved in introducing drugs into the prison. (Id. at 20). Plaintiff seeks damages, among other relief. (Id. at 20-22).

  **A. Personal Capacity Claims**

Plaintiff sued Defendants in their personal capacities and official capacities. (Doc. No. 5 at 1-3). "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."

4

Parrish v. Ball, 594 F.3d 993, 1001 (8th Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009)).  Bare allegations void of factual enhancement are insufficient to state a claim for relief under § 1983.  See Iqbal, 556 U.S. at 678.

### B.     Retaliatory Discipline

To state a § 1983 retaliation claim, a plaintiff must plead that: (1) he was engaged in a protected activity; (2) the defendant "took official adverse action against him that would chill a person of ordinary firmness from continuing the activity; and (3) the adverse action was motivated at least in part by the exercise of the protected activity."  Santiago v. Blair, 707 F.3d 984, 991 (8th Cir. 2013) (internal citation omitted); De Rossitte v. Correct Care Solutions, LLC, 22 F.4th 796, 804 (8th Cir. 2022).

Plaintiff's retaliatory discipline claim arises out of mail from the Clerk of the Court sent in connection with Plaintiff's earlier lawsuit, Swift v. Doe, et al., 3:23-cv-00253-DPM.  Defendant Dunagan is not a party to Plaintiff's earlier lawsuit.  Defendant Baker was a party to that lawsuit, but on initial screening under the Prison Litigation Reform Act United States Magistrate Judge Benecia B. Moore recommended that Plaintiff's Complaint be dismissed pre-service.  (Id. at Doc. No. 14).  The Court did not serve a copy of the Complaint on Defendant Baker, and the record does not reflect that Defendant Baker learned of the lawsuit otherwise.

Plaintiff alleges Defendants Baker and Dunagan "look[ed] conspiratoriously at [him] and whisper[ed] to each other."  (Doc. No. 5 at 6).  A conspiracy claim under 42 U.S.C. § 1983 requires a plaintiff to establish: "(1) that the defendant conspired with others to deprive him of constitutional rights; (2) that at least one of the alleged co-conspirators engaged in an overt act in furtherance of the conspiracy; and (3) the overt act injured the plaintiff."  Burton v. St. Louis Bd. of Police Com'rs, 731 F.3d 784, 798 (8th Cir. 2013) (internal citations omitted).  A claim of

5

conspiracy must be supported by factual allegations sufficient to suggest that "the defendants had directed themselves toward an unconstitutional action by virtue of a mutual understanding" and "meeting of the minds." Smith v. Bacon, 699 F.2d 434, 436 (8th Cir. 1983) (internal citation omitted). Plaintiff's Amended Complaint lacks any factual support beyond Plaintiff's statement that Defendants looked "conspiratoriously" at him and whispered. This is insufficient to meet the pleading standards of a conspiracy claim.

Again, Defendant Baker was never served with Plaintiff's earlier lawsuit. And based on Plaintiff's Amended Complaint, including its attachments, Defendant Baker was not involved in the disciplinary process—Plaintiff has not established that Defendant Baker took any adverse action against him. Defendant Dunagan was not a party to Plaintiff's earlier lawsuit. Plaintiff alleges all Defendants knew of the lawsuit. But nothing in Plaintiff's Amended Compliant indicates retaliatory animus on the part of any Defendant—it is not clear why any Defendant would be antagonistic towards Plaintiff for a lawsuit against Defendant Baker that was never even served. Establishing retaliatory animus is crucial to a retaliation claim. See Atkinson v. Bohn, 91 F.3d 1127, 1129 (8th Cir. 1996). See also Bitzan v. Bartruff, 916 F.3d 716, 717 (8th Cir. 2019) (affirming summary judgment where plaintiff did not allege facts connecting defendants to the challenged actions); Antonelli v. Tipton, Case No. 08-3123, 2009 WL 4825169 at *904 (8th Cir. Dec. 16 2009) (per curiam) (plaintiff "failed to state a retaliation claim because he . . . failed to allege which defendants were involved in or affected by his grievances."). Because Plaintiff has not demonstrated retaliatory animus, his retaliatory discipline claim fails.

Without retaliation, Plaintiff's allegations are claims of a false disciplinary. But a false disciplinary, without more, does not rise to the level of a constitutional violation. Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989).

### C.     Legal Mail

Plaintiff's allegations also could not succeed if viewed as an interference with legal mail claim.  Legal mail is narrowly defined as "mail to or from an inmate's attorney and identified as such."  Gardner v. Howard, 109 F.3d 427, 430 (8th Cir. 1997).  The mail at issue here was from the Clerk of the Court, so it was not legal mail.  And if viewed as an access to the courts claim, that claim also fails.  To state a First Amendment claim, a plaintiff must allege actual injury – in an access to the courts claim the injury would be "the hindrance of a nonfrivolous and arguable meritorious underlying legal claim."  Hartsfield v. Nichols, 511 F.3d 826, 831 (8th Cir. 2008).  Plaintiff has not alleged any harm to an underlying legal claim arising from the confiscation of his letter.

### D.     No Protected Liberty Interests

As mentioned above, because of the disciplinary Plaintiff lost 60 days of commissary and visitation privileges and was also placed on one year of non-contact visitation.   None of these penalties rose to the level of a violation of Plaintiff's protected liberty interests.  Phillips v. Norris, 320 F.3d 844, 847 (8th Cir. 2003) (contact visitation); Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976) (class level); Orr v. Larkins, 610 F.3d 1032, 1033-34 (8th Cir. 2010) (nine months in administrative segregation not atypical and significant hardship); Kennedy v. Blankenship, 100 F.3d 640, 642-43 & n.2 (8th Cir. 1996) (placement in punitive isolation with loss of commissary, visitation, and telephone privileges not atypical and significant hardship).  As such, any due process claim in connection with these penalties would fail.

Plaintiff complains that there was no investigation of the disciplinary charges against him—neither an outside drug test of the mail nor an investigation as to whether he was involved

in bringing contraband into the prison. Plaintiff says ADC policy provides for an investigation and that the lack of an investigation was a violation of his due process rights.

The Court is not aware of law that establishes a constitutional right to an internal investigation. See <u>Farmer v. Sorg</u>, No. 6:20-CV-06023, 2021 WL 2021987, at *4 (W.D. Ark. Apr. 21, 2021), <u>report and recommendation adopted,</u> No. 6:20-CV-06023, 2021 WL 2020593 (W.D. Ark. May 20, 2021). Rather, to state a Fourteenth Amendment due process claim, a plaintiff must "demonstrate that he was deprived of life, liberty or property by government action." <u>Phillips v. Norris</u>, 320 F.3d 844, 846 (8th Cir. 2003). Here, Plaintiff was not deprived of life or property; therefore, he must identify the deprivation of a liberty interest to sustain a due process challenge to his prison disciplinary proceeding. <u>Id</u>. at 847; <u>Sandin v. Conner</u>, 515 U.S. 472, 484 (1995). But a prisoner has no liberty interest in having certain procedures followed in the disciplinary process; the liberty interest arises from the "nature of the prisoner's confinement." <u>Phillips</u>, 320 F.3d at 847. As set out above, the conditions of confinement that Plaintiff described do not rise to the level of a due process violation. Accordingly, Plaintiff's due process claims fail.

### E. Official Capacity Claims

The Court has explained why Plaintiff's claims against Defendants in their personal capacities fail. Because Plaintiff's personal capacity claims fail, his official capacity claims likewise fail.

## IV. Conclusion

Even liberally construing Plaintiff's Amended Complaint, as this Court must, Plaintiff's allegations fail to state a claim on which relief may be granted. Because Plaintiff failed to state a claim on which relief may be granted, his Amended Complaint should be dismissed without prejudice.

IT IS, THEREFORE, RECOMMENDED that:

1. This action be DISMISSED without prejudice for failure to state a claim on which relief may be granted;

2. The Court recommend[1] that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g);[2] and

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal from any Order adopting these recommendations and accompanying Judgment would not be taken in good faith.

DATED this 16th day of May, 2024.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[1] The number of strikes a plaintiff has accrued may be determined only by looking backwards to past dismissals; 28 U.S.C. § 1915(g) leaves the effective decision to the later tribunal. Gonzalez v. United States, 23 F. 4th 788, 789-91 (8th Cir. 2022).

[2] Title 28 U.S.C. § 1915(g) provides as follows: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."